## MOORE vs. MERRITT.

A supreme court commissioner has power to make an order for security for costs, and has the right to modify or revoke it.

On an application to modify or revoke, regularly notice should be given to the party obtaining the order; it, however, rests in the discretion of the officer whether or not notice shall be given. Where, according to the ordinary course of proceedings, cause cannot well be shewn, notice seems to be unnecessary.

February 21.     QUESTIONS arose in this case as to the power of a supreme court commissioner to make *an order for security for costs;* as to his right to modify or revoke such order, and as to the giving notice to the party obtaining the original order, the following opinion was delivered:

*By the Court,* SAVAGE, Ch. J. The first judge of Ontario had power as a supreme court commissioner to make the order, which he did. By the revised statutes, 2 *R. S.* 279, 280, § 18, 19, supreme court commissioners are authorized to perform all the duties, and to execute every act, power and trust which a justice of the supreme court may perform and execute out of court, according to the rules and practice of such court and pursuant to the provisions of any statute, in all civil cases, except that when any power is given in express terms by any statute to the justices of the supreme court and the circuit judges, or either of them, without naming supreme court commissioners in such statute, then the commissioners cannot execute such power. An order to file security for costs, and for stay of proceedings until it is done, " may be made by the court in which the action is pending, or by any judge thereof in vacation." 2 *R. S.* 620, § 3. This power was executed by courts of record before any statute was pass-

ed on the subject, and is not one now for the first time conferred ; it is not given in express terms " to the justices of the supreme court," but to any judge of the court in which the action is pending. The power is given to the courts of common pleas and mayors' courts, as well as to the supreme court, and seems to be a statute provision regulating the practice of the courts in civil cases, and is therefore embraced within the clause conferring general powers on comismissioners. 2 *R. S.* 279, 280, § 18.

The commissioner having power to make the order, has power also to modify or revoke it. It is objected that he could not revoke his order without requiring notice to the party in whose favor the order was made. This is not necessary in all cases ; it must be matter of discretion with the officer whether to require it or not. In most cases it is proper to require such notice, and that a reasonable time be assigned for the hearing, but where an order had been made not conformable to the practice of the court, the comnissioner no doubt may revoke it or modify it so as to make it regular without notice. In general, where, according to the ordinary course of proceedings, cause cannot well be shewn against what is asked for, there can be no necessity of giving notice to the party obtaing the original order.