Broughton
v.
Wellington.

## BROUGHTON vs. WELLINGTON.

Where, after a recovery in ejectment, the plaintiff makes and files a sugges-
tion of his claim for *mesne profits*, and the defendant pleads thereto and a
trial is had, and the plaintiff does not recover *over fifty dollars*, he does not
recover costs, but pays costs to the defendant.

August 8.     THE plaintiff in this case having recovered in an action of
ejectment, made and filed a suggestion of his claim for *mesne
profits*, according to the provisions of the revised statutes, 2 *R.
S. 810, § 44.* The defendant appeared and pleaded *non-as-
sumpsit* to such suggestion ; the cause was tried, and the plain-
tiff had a verdict for only *six cents.* The question is, which
of the parties is entitled to costs ?

*By the Court,* SUTHERLAND, J.   The revised statutes abol-
ish the action of trespass for *mesne profits* after a recovery in
ejectment, 2 *R. S.* 310, § 44, and provide that instead there-
of, the plaintiff seeking to recover such damages shall, within
one year after the docketing the judgment in ejectment, make
and file a suggestion of such claim, which shall be entered
with the proceedings thereon upon such record, or be attach-
ed thereto as a continuation of the same.   The 45th section
declares that such suggestion shall be substantially in the
form of a declaration in *assumpsit* for use and occupation, and
the same course of pleading, joining of issue and trial are to
take place, as upon declarations in personal actions—sections
46 to 52.   The 53d section provides that upon an inquisition
or a verdict of a jury where an issue is joined, the court shall
*render judgment as in actions of assumpsit for use and occupation,*
which shall have the like effect in all respects.   The general
provisions in relation to the mode of proceedings where a sug-
gestion on the record is substituted for a regular suit, pre-
scribe substantially the same mode of proceeding, 2 *R. S.*
553, § 17 to 19.   It is then substantially an action of assump-
sit for use and occupation, commenced by a declaration ; and
unless some special provision in relation to the costs in this

particular case is to be found, they must be regulated by the general statute upon that subject.

The *eighth* section of the act concerning costs, 2 *R. S.* 614, provides that in all actions brought in the supreme court, except those enumerated in the preceding *third* section of the same act, and except actions of assault and battery, false imprisonment, or for slanderous words or libel, and except actions of replevin, if the plaintiff do not recover *more* than *fifty dollars,* he shall not recover any costs, unless his claim shall have been reduced by set off. The actions enumerated in the *third* preceding section are, 1. All the actions relating to real estate, enumerated in the fifth chapter of the same act, p. 302, to wit, the actions of ejectment, partition, nuisance, waste, trespass on land, proceedings to compel the determination of claims to real property in certain cases ; 2. All actions in which the title to lands or tenements, &c. shall have come in question upon the trial ; and 3. Suits and proceedings upon writs of *scire facias,* &c. This case certainly does not fall within any of those exceptions. The language of the 44th section, before referred to, which directs that the proceedings shall be entered on the record of the judgment in ejectment, or be attached thereto *as a continuation of the same,* cannot be considered as meaning that it is to be regarded as a continuation or part of the action of ejectment for the purpose of costs, but merely that the entries thus made shall be considered as a continuation of that record : thus dispensing with the necessity of making a new record. It seems to me, therefore, that it must be regarded as an action of *assumpsit* for use and occupation, and that the plaintiff having recovered less than $50, cannot recover costs, and that the defendant is entitled to costs ; it being a case in which the plaintiff recovers judgment, but not for a sum sufficient to entitle him to any costs, and in such cases, the 16th section of the act concerning costs, 2 *R. S.* 615, provides that the defendant have judgment against the plaintiff for the full costs of the court in which the action is brought.

The only hardship resulting from this construction of the statute is, that the plaintiff is obliged to proceed in this court ; a justice of the peace cannot take cognizance of the case. The

ALBANY,
Aug. 1833.

Harris
v.
Mason.

proceeding must be in the court where the record in the eject-ment suit is; he is therefore, without any fault of his own, obliged to incur the peril of paying costs, if he recovers less than $50. There ought to be a special statutory provision for a case of this description. The defendant, and not the plaintiff, is entitled to the costs of the proceedings.

---

### HARRIS vs. MASON & SAFFORD.

*A commissioner* has power to make an order compelling the production of a *warrant of attorney* in an action of ejectment.
In a case of manifest irregularity and no *laches*, it is of course to set aside the proceedings.

August 8.     THE question in this case was whether a *commissioner*, au-thorized to do the duties of a judge of this court at chambers, has power to grant an order compelling the attorney for the plaintiff in an action of ejectment, to produce to him his au-thority for commencing the action in the name of the plain-tiff. An order was granted by a commissioner and duly serv-ed, which the plaintiff's attorney disregarded, on the supposi-tion that the commissioner had no authority to grant it; and he accordingly proceeded in the action, entered the default of the defendants for not pleading and judgment thereupon, is-sued a writ of possession, and dispossessed the defendants. A motion was now made to set aside the default and subsequent proceedings, and to restore the defendants, which was resisted by the plaintiff on the ground that the defendants had no de-fence, and did not even swear to merits. The motion was made at the first special term after the defendants obtained knowledge of any proceedings on the part of the plaintiff sub-sequent to the service of the order.

*By the Court,* SUTHERLAND, J. The order may be made *by the court, or any judge thereof in vacation,* 2 *R. S.* 305, § 17. These are the same terms used in the statute in relation to security for costs, 2 *R. S.* 620. The third section of that act authorizes the order to be made *by the court* in which the ac-

tion is pending, or by *any judge thereof in vacation*. In *Moore* v. *Merritt*, 9 *Wendell*, 482, it was held that a supreme court commissioner had authority to make such order ; he of course had authority to make the order in this case. The manuscript case of *Ames* v. *King*, *Graham's Pr.* 432, in which a contrary decision was made, must be considered as overruled. The plaintiff's proceedings in this case, therefore, have been irregular, in disregarding the order of the commissioner to produce the warrant of attorney, and the defendant's motion must be granted, with costs, without looking into the merits of the case. Where there is a palpable irregularity, and the party comes into court without delay, he is entitled to be restored to all he has lost by the irregularity.