WICKHAM *vs.* SEELY.

A plaintiff in an action of *trespass quare clausum fregit*, prosecuting in this court, recovering less than *fifty dollars* damages, is not entitled to costs, but must pay costs to the defendant; although the *locus in quo* be unenclosed, unoccupied, and uncultivated, and the defendant by a plea of *non cul.*, had the suit been brought in a justice's court, might have required the plaintiff to show *title*.
The plaintiff should have sued in a justice's court, or in the common pleas; and if in the latter, he might have obtained a certificate that the trespass was wilful and malicious, if warranted by the evidence.

THE plaintiff sued in this court, and declared in *trespass quare clausum fregit*, for breaking and entering a certain unenclosed, unoccupied, and uncultivated lot of land of the plaintiff, covered with water, of which the plaintiff had no actual possession, called *Wickham's Pond*, and for *fishing* therein. The [650] defendant pleaded leave and license, on which issue was joined, and to that issue alone, with the damages, was the evidence addressed at the trial. It appeared that the *locus in quo* was unenclosed, &c., as mentioned in the declaration. On the trial, the defendant, holding the affirmative, opened and led in the case. Verdict for plaintiff $45.

J. R. *Van Duzer*, moved for *full costs* to the plaintiff, on producing the certificate of the circuit judge stating the above facts, and cited 2 *R. S.* 613, § 3; *Hubbell* v. *Rochester*, (8 *Cowen's R.* 115;) 1 *Wendell*, 466; 1 *Johns. R.* 146.

W. C. *Hasbrouck*, contra, cited 2 *R. S.* 613, § 3, *sub.* 2; *Ex parte Coburn*, (1 *Cowen's R.* 568;) *Chandler* v. *Duane*, (10 *Wendell*, 565;) *Rogers* v. *McGregor*, (4 *Cowen's R.* 531 )

*By the Court*, COWEN, J. The title was not in any wise brought in question at the trial. The plea of leave and license admitted it. To entitle the plaintiff to costs, he should have sued before a justice, or have gone to the common pleas, where he might, had the fact appeared, have obtained a certificate or asked the jury to find that the trespass was wilful and malicious. (2 *R. S.* 613, § 3, *sub.* 2. 10 *Wendell*, 565. 2 *R. S.* 614, 615, § 12, *sub.* 2.)

If the plaintiff's claim for costs is to be maintained, it must be on the ground, that he has no remedy in a justice's court. In a case of mere constructive possession like this, if the defendant be sued before a justice, he may plead not guilty, which would probably involve a denial of title, and put the plaintiff to show his possession by his deed. (*Hubbell* v. *Rochester*, 8 *Cowen*, 115.) In such a case, the justice is directed to dismiss the cause with costs. (2 *R. S.* 237, § 63.) This section is, that if it appear by the plaintiff's own showing that title is in question, which the defendant shall dispute, the justice shall dismiss the cause. If this case be within that section, as it probably is, the defendant might have tantalized the plaintiff, by defeating him in a justice's court, and then, when sued in a court of record, might have changed his [651]

The People v. Oneida Common Pleas.

ground to the license, and got costs for want of $50 damages. He would not, perhaps, be bound to plead title, and give the plaintiff the usual remedy in the court of common pleas, within 1 *R. S.* 236, 237, § 59 to 62. The only consequence of omitting a plea of, title, is to shut out his own evidence drawing the title in question. (§ 62.) It is hard for the' plaintiff to be thus left in the defendant's power. It is obvious that cases may arise in which he will be deprived of all substantial remedy. But the statute of costs is without exception, that if the plaintiff do not recover over $50 in trespass, he shall not only be denied costs, but pay them to the defendant. (2 *R. S.* 613, 614, 615, § 3, *sub.* 2, § 8, *and* § 16.) To entitle the plaintiff to costs, there should have been an *express* or *implied* exception of a case wherein the plaintiff is subjected to a dismissal of his cause in a justice's court, by reason that he himself shows title to be in question. We have seen that there is no express exception. Does it follow, that there is one implied from the circumstance that there is no certain remedy in a justice's court? The statutes of costs have in general aimed, in such a case, to give them to the plaintiff by express provision. In some cases they have failed. On a recovery in ejectment, the plaintiff, in order to get his damages, must proceed by suggestion; in which case, he recovers his costs as in other actions. (2 *R. S.* 310, 311, § 43 *to* 53.) Here the statute is peremptory, and takes away all remedy in any other court absolutely. Yet, if the plaintiff do not recover more than $50 damages, he gets no costs, but must pay costs. (*Broughton* v. *Wellington*, 10 *Wendell*, 566.) That case is decisive. It was stronger for the plaintiff than this. There was no remedy but by suggestion. No suit would lie. Here a suit will lie. It might prove successful before a justice, if the defendant would be fair. A suit would lie, we have seen, in the common pleas. Both were uncertain remedies, it is true. But in *Broughton* v. *Wellington*, there was no other remedy, certain or uncertain. Reading the opinion of Sutherland, J., in that case, we collect this general rule: Costs [652] cannot be allowed here, merely because there is no remedy elsewhere; but they must, in all cases, be expressly given by statute. The *defendant*, and not the *plaintiff*, is entitled to costs. Motion denied.