[362]    *DANIEL WILSON et al. RESPONDENTS, v. WIL-
            LIAM ROACH et al. APPELLANTS.

[1] JURISDICTION OF DISTRICT COURT OVER ESTATES OF MINORS. — The District
        Courts of this State have the same control over the persons of minors as well
        as their estates, that the Courts of Chancery in England possess. This juris-
        diction is conferred by the Constitution, and cannot be divested by any legisla-
        tive enactment.

PROBATE COURT, JURIDICTION NOT EXCLUSIVE.—The claim of exclusive original
        jurisdiction in Courts of Probate, over the same subject matter, is unfounded.

ELISOR, APPOITMENT OF.—In the event of the disqualification of the Sheriff and
        Coroner, a District Court has the right to appoint an elisor. And even if such
        authority was not conferred by statute, the Court, by virtue of its original
        jurisdiction, has the power to appoint a special officer to execute its process.

CERTIORARI to the Fifth Judicial District.

This was a bill in equity, filed by Daniel Wilson and wife,
in their own right, and Wilson as guardian, ad litem, of the
minor heirs of Jose Maria Sanchez.

The bill was filed against Roach, guardian of Wilson's
wife and of the said minor heirs, under an appointment of
the Probate Court of Monterey County, and against Josiah
Merritt, the Probate Judge of Monterey County, and the
Sheriff and Coroner of Monterey County, and charged
Roach with embezzlement and fraudulent appropriation of
the funds of his wards, to the amount of $73,000, and
charged the other defendants with confederating with him.

The bill was for an account, and prayed an injunction,
and the appointment of a receiver to take the property out
of the hands of Roach, and an elisor to execute the pro-
cess in the cause.

The Court granted the injunction, and appointed Lewis
Belcher receiver, and Samuel H. Brooks elisor. The re-
ceiver made a report, supported by affidavits of witnesses,
that he, as receiver, had applied to Roach for a delivery to
him of the property of the infants, in pursuance of the order

[1] Cited in People v. Boring, 8 Cal. 411; Belloc v. Rogers, 9 Cal. 129; Griggs v.
Clark, 23 Cal. 429; see Clarke v. Perry, 5 Cal. 58; Rosenberg v. Frank, 58 Cal. 417.

appointing * him receiver; which order he then read    [363]
to Roach, and that Roach' peremptorily refused.

The Court then ordered the elisor to attach Roach, on the
charge of having committed a contempt of the Court, in
disobeying its order, and to hold him in custody without
bail, and to have him in chambers to answer the charge.

Roach was arrested in Monterey County, and being
brought before the Judge, in chambers, answered as follows:

"That his failure to comply with the said order was not
designed to be in contempt of the authority of the Court in
which this action is brought, or of the order aforesaid of the
Judge thereof, for which said Court and Judge he feels all
proper respect; that he declined obedience to the said order
for the following reasons, which he respectfully prays may be
fully considered, and deemed sufficient to acquit this re-
spondent, and entitle him to be dismissed;

"He was advised by counsel that the order of appoint-
ment of a receiver, and the further order of the 3d August,
1854, were illegal, and that he was not bound to obey the
same, on the following grounds:

"1st.  That the Probate Court of the County of Monte-
rey, in the State aforesaid, had acquired jurisdiction of the
subject matter of the person and estate of the minor heirs
of whom this respondent is the guardian, and that such
jurisdiction by said Probate Court of the county where the
said wards resided, and where their property is situate,
was exclusive, and that no Court other than the said Probate
Court, or the immediate appellate Court (the Third Judicial
District and the Supreme Court of this State), could legally
make such order.

"2d.  That this respondent, as the defendant in the said
suit, had no notice of the application of the plaintiffs in the
same suit for said orders, or either of them, nor was said
application made after hearing, or the orders granted upon
such suitiable proofs as the law requires of the allegations
in the complaint, or any of them, of fraud, collusion, insol-
vency of this respondent and of his sureties, danger of
loss, neglect of duty as guardian, conspiracy to cheat and
defraud; all which said allegations this respondent had no

[364] opportunity to controvert, *the only proof of the truth of the said allegations, as filed among the papers in said cause, being the affidavit of the complainant Wilson, to the said complaint.

"3d. That the complaint shows that there is another guardian of the said minor heirs, viz: Henry L. Sanford, of Monterey County, appointed by the Probate Court of Santa Clara County, previous to the appointment of this respondent, who, if such be the fact, and such appointment was legal, would alone have the right to demand and receive said moneys and property, and the right to prosecute the suit commenced by the complainants, for the purposes therein named.

"And he prays to be hence dismissed on the following additional grounds, to wit:

"1st. That the proof of the alleged contempt, on which the warrant was issued for his arrest, is insufficient in law.

"2d. That the writ of attachment could not lawfully issue out of this Court, against the person of the respondent, residing in another county, and in a different judicial district of the State.

"3d. That the elisor, Samuel Brooks, appointed to serve process of attachment for contempt, was not, as is required by law, a resident of the county, to wit: the County of Monterey aforesaid, of which the alleged disqualified Sheriff and Coroner were inhabitants and officers resident, the said elisor being a resident of the County of San Joaquin.

"And now the said William Roach respectfully submits to his Honor the Judge of the District Court for the Fifth Judicial District, as a further reason and cause why he should not comply with the order of this Court directing him to pay over the funds in his hands as guardian of the minor heirs named in the complaint, and why said order should not be made, that he holds the same under and in pursuance of an order of the Probate Court of the County of Monterey, requiring and directing him to hold the same subject to the order of that Court, and that the same was made by said Court on the 30th day of September, 1853, and before the complaint was filed in this case, and said funds came into

his hands in pursuance of said order, before said *complaint was filed, said Court having jurisdiction [365] of the subject matter of said order."

Upon hearing the above cited answer of William Roach, guardian of the minor heirs, and the evidence in support thereof, and being satisfied that legal notice had been given to third parties interested, the Court thereupon made the following order·

"A warrant of attachment having been heretofore issued under my hand as Judge of the Fifth Judicial District, against the said defendant William Roach, for an alleged contempt, in refusing to deliver over to Lewis Belcher, a receiver appointed by this Court, in said action, the sum of $73,446 67 (seventy-three thousand four hundred and forty-six dollars and sixty-seven cents), which had come into his hands as guardian of said complainants in this action, which said warrant of attachment was directed to Samuel H. Brooks, an elisor appointed by me in said case, returnable on Thursday, the 17th day of August, A. D. 1854, and the said elisor having returned that he had attached the said William Roach, and had him now in custody, to answer said charge, and the said Roach appearing now before me in person, and also by counsel, and denying the alleged contempt, and having filed his answer thereto, I, Charles M. Creaner, the Judge of the said Court, in chambers, proceeded to investigate the said charge, and to examine witnesses and documentary evidence on file in the said cause.

"And it now appearing to me, the Judge of the said Court, from the said evidence, proofs, and documentary evidence on file in the said case, and from the refusal of said Roach, before me during said examination, to hand over the said money or any part thereof, that the said Roach has committed the contempt with which he has been charged, I, as the Judge of the said Court, do now adjudge him to have been guilty of the misconduct alleged, and that such misconduct was calculated to, and did actually defeat, impair, impede, and prejudice the rights of the complainants in this action.

"And it further appearing to the Judge of the said Court,

that it is still in the power of the said Roach to comply with the former order appointing said receiver, by handing over to * him the money specified in said order, which is on file in the Court, it is now, on motion of Howard & Perley and D. S. Terry, of counsel for the complainants, ordered, that the said William Roach be, and he is hereby directed to stand committed to the common jail of San Joaquin, there to remain charged with this contempt until he shall have paid over, into the hands of said receiver the said sum of seventy-three thousand four hundred and forty-six dollars and sixty-seven cents ($73,446 67), and also the costs of this proceeding, now taxed at the sum of one hundred and fifty dollars, unless the Court or Judge shall see fit sooner to discharge him, and that a warrant issue for that purpose."

By virtue of this order, Roach was lodged by the elisor, in the common jail at Stockton. Roach then applied for a writ of *certiorari*, on the ground that the District Court had exceeded its authority, as such; which was granted him.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

The errors assigned in this case are the appointment of a receiver, and the attachment issued against the appellant, Roach, for refusing to comply with the order of the District Court, commanding him to pay over moneys held by him, belonging to certain minors.

The facts set forth in the bill render the case one eminently of chancery jurisdiction.

The District Courts of this State have the same control over the persons of minors, as well as their estates, that the Courts of Chancery in England possess.

This jurisdiction is conferred by the Constitution, and cannot be divested by any legislative enactment.

The books are full of cases in which the authority has been exercised upon less cause than is shown by the present case.

The claim of exclusive original jurisdiction in the Courts of Probate over this subject is unfounded. Chancery may at any time interfere, and remove the proceedings before it. All the proceedings in this case are entirely consistent with the power and jurisdiction of the Chancellor.

*With regard to the process, we are of opinion that   [367] there is no error. There may have been some irregularity, but not sufficient to vitiate the orders of the Court, or divest it of its jurisdiction.

The answer of the appellant upon the attachment, admits the service of the order of the 3d of August, and the whole record shows that no process was issued until after the bill had been filed and the cause was regularly in Court.

The objection that the elisor was improperly appointed is not well taken. The Sheriff and Coroner had been made defendants by an amended or supplemental bill, which the plaintiffs had the right to file without leave, before answer. In the event of their disqualification, the Court had power to appoint an elisor, and the record does not show that the person in this case was not a resident of the county.

Even if such authority was not conferred by statute, the Court, by virtue of its original jurisdiction, had the power to appoint a special officer to execute its process.

The objection that the order directs the party to pay over money in kind, and commands an impossibility, is answered by the fact below found upon the proofs, "oral and written, that the appellant had the money and property in his hands, and was in a situation to comply with the order."

Many objections and assignments of error have been made which cannot be taken advantage of on this appeal, but are properly the subject of demurrer or answer.

From an examination of the whole case, we think that the District Court of San Joaquin, sitting as a Court of Chancery, had complete jurisdiction over the subject matter of this suit, and that all its proceedings are proper, and binding on the parties.

The action of the Court below is affirmed, and the cause remanded for further proceedings.