## THE PEOPLE *ex rel.* DUNN *v.* BORING.

On the election of a new sheriff, the former sheriff must complete the execution of all final process which he had begun to execute before the expiration of his term of office.

The authority to sell land, conferred by a writ thus in his hands, carries with it authority to execute all the instruments required by law, to the completion of the sale, viz.: a certificate, and in case of no redemption, a conveyance, to the purchaser.

Where the ex-sheriff, who made the sale of land under a writ partially executed by him while in office, dies before executing a conveyance, the law having failed to provide for the completion of the execution in such a case, the only remedy left to the purchaser, is to apply to the Court for the appointment of a commissioner or master to execute the conveyance.

Independent of statute, the Court, by virtue of its original jurisdiction, has authority to appoint a suitable person to make and deliver the deed, in the enforcement of its judgment, and that its final process may be completely executed.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

This was an application on behalf of the relator, for a writ of *mandamus*, directed to the defendant, sheriff of Nevada county, commanding him to execute a conveyance of land to the relator.

The petition sets forth that the relator in the month of June, 1856, purchased certain land in Nevada county, at a foreclosure sale, under a decree of Court duly entered, and that the sheriff executed a certificate to the relator; that before the expiration of the six months allowed for redemption of the property, the sheriff died; a sheriff was appointed in his place, who was in office when the time of redemption expired; and subsequently the defendant was elected sheriff, and now holds the office; to both of whom, relator has applied for a deed of the land so sold, and both of whom have refused so to do.

The facts stated in the petition are admitted by the defendant, who interposed a demurrer, upon which a judgment *pro forma* was entered, and the case appealed, by stipulation, without notice

or bond; both parties desiring the decision of this Court upon the question.

*Francis J. Dunn* for Appellants.

No briefs on file.

FIELD, J., delivered the opinion of the Court—BURNETT, J., concurring.

The fifth subdivision of section thirty-seven of the act concerning sheriffs, requires, on the election of a new sheriff, the former sheriff to deliver over to his successor all executions, attachments, and final process, except those which he has executed, or *has begun* to execute, by the collection of money, or a levy on property; and the thirty-ninth section of the same act provides that, notwithstanding the election and qualification of the new sheriff, the former sheriff *shall complete* the execution of all *final process* which *he has begun to execute.*

The authority to sell, conferred by the writ, carries with it authority to execute all the instruments required by law to the completion of the sale, namely: a certificate, and, in case no redemption is had, a conveyance to the purchaser. Valentine *v.* Piper, 22 Pickering, 85. The making and delivery of the conveyance, after the expiration of the period limited for redemption, is but the consummation of the sale, and is as much a part of the officer's duty, in completing the execution of the process, as any other proceeding after the levy. The object of the writ is to satisfy the judgment, by a sale of the property of the defendant, which would be entirely ineffectual for that purpose, if not followed by a transfer of title to the purchaser. He who begins the execution, therefore, as laid down in the old reports, must end it. In Clerk *v.* Withers, 6 Modern, Powell, J., said: "Execution is an entire thing, and, therefore, when a sheriff levies goods, and while they remain in his hands, for sale, a new sheriff is chosen, he who begun the execution shall go on with it, and sell the goods, and not deliver them over to the new sheriff, who is the officer of the Court. The reason is, that execution is one entire thing, and therefore, where it begun it shall end. * * * The *venditioni exponas* is not of necessity, nor does it give to the sheriff authority to sell, but serves only to quicken the sheriff to his duty." And Holt, C. J., in the same case, said: "Now, if a *distringas* lies for the new sheriff, to compel the old sheriff to sell, that shows an old sheriff has an authority to sell, by virtue of the former writ." Milbran *v.* Snow, 2 Saunders, 47.

The doctrine of the common law, that the sheriff who has commenced the execution of the writ must proceed and complete it, even after the expiration of his office, is generally recognized

and sustained, by the adjudications of the Courts of the different States, except where modified by statutory regulations.

In Gibbs *v.* Mitchell, 2 Bay, 128, the Court of Appeals of South Carolina, in considering whether an execution suspended by an injunction should be renewed, said : "But the Court was of opinion that such renewal was unnecessary, for the sheriff had, by virtue of the execution, made a regular levy on defendant's property on twenty-second of March, 1796, which gave him a qualified property in the negroes ; so that the moment he was unfettered by the injunction, he had a right to go on, and complete the sale, and raise the money ; nay, he not only had a right to go on, *but was bound to do so, even if he was out of office at the time, for he who begins must end the execution.*" In The State *v.* Hamilton, 1 Harrison, 155, the question arose as to the meaning of the word *unexecuted,* in the thirty-first section of the statute of New Jersey, concerning sheriffs, which enacts "that every sheriff shall, at the expiration of his office, turn over in writing all writs *unexecuted,* to the succeeding sheriff, who shall execute and return the same," and the Court said : "An unexecuted writ, then, in the sense in which that word is used in the statute, is one upon or in virtue of which nothing has yet been done. If the sheriff to whom a writ is issued, commences the execution of it, he must *continue to execute it, even after he is out of office.*"

In Allen *v.* Trimble, 4 Bibb, 23, the plaintiff in ejectment, to establish a title to a moiety of the land in contest, introduced in evidence a deed of conveyance upon a sale under a decree, which was executed by the sheriff after his office had expired. An instruction to the jury that the deed was not valid, and passed no legal title to the land in contest, was requested by the defendant, and refused, and in considering, on appeal, this refusal, the Supreme Court of Kentucky said : * * * * "The question occurs, can the sheriff, making the sale, execute a deed of conveyance for the land sold after his term of office expires ? We are of opinion he may. The provisions of the act subjecting lands to the payment of debts, evidently require the deed of conveyance to be made by the sheriff who sells the land. That act, it is true, contains no express delegation of power to the sheriff to convey, after his term of office expires, nor do we suppose such an express delegation of power was necessary to enable him to do so ; for, as the officer selling is required to convey the execution of the deed of conveyance thereby forms a necessary part of the execution of the writ ; and as, according to the settled principles of the common law, he who begins the execution of a writ of *fieri facias* must end it ; so now, under the statute, he who sells must finish the execution by conveying.

"It was contended in argument that, as this principle of the common law grew out of the sale of chattels under execution, it should not be made to apply to the sale of lands under the stat-

ute. To this, it may be answered, that it was owing to the nature of the writ, and not to the description of property upon which it operated, that gave rise to the principle; and as the Legislature, in subjecting lands to the payment of debts, have adopted that description of writ whose qualities gave rise to the principle, it is but fair to presume they intended the sheriff, who might take land under a *fieri facias,* should, according to this principle, sell and convey the same, though his term of office should expire before the sale or conveyance. That the Legislature so intended, is, moreover, further manifest by their failure to provide for the successor in office to complete the execution of a *fieri facias* which might be levied on lands, and not sold by his predecessor; for, with a knowledge of the term for which sheriffs hold their office, the Legislature must have foreseen the probable occurrences of various cases where the sheriff, levying an execution on lands, could not make sale thereof during his continuance in office; and it cannot be supposed they intended to leave those cases unprovided for. And as they have not authorized the successor in such cases to complete the execution, the inference is irresistible, that they intended that principle of the common law to prevail, which makes it the duty of the sheriff who levies, to complete the execution of the writ."

In Lemon *v.* Cruddock, Littel's Select Cases, 252, the plaintiff in ejectment, was purchaser under an execution issued upon a judgment against the defendant, and relied upon his conveyance from the sheriff. The sale was made by the deputy of the preceding sheriff, and the deed recited that the said sheriff and his deputy were out of office. The deed was admitted in evidence, and the motion of the defendant to reject and exclude it from the jury, as passing no title, was overruled. In considering this ruling, the Court said: "It is a settled principle of the common law, recognized by sundry decisions of the Court, that the sheriff who made the sale ought to make the conveyance; and that for this purpose, he is still in office, although his successor may have entered on the duties of the same office."

In Rogers *v.* Darnaby, 4 B. Monroe, 240, certain slaves had been levied upon by the old sheriff, which were afterwards replevied from his possession. Pending the replevin-suit, a new sheriff went into office, and on the determination of the suit, the slaves were seized by him under another execution, and the question was, which officer was entitled to them; and the Court held, *as settled,* that the old sheriff was vested, by virtue of the levy of the execution in his hands, with a special property in the slaves, such as would enable him to maintain trespass or trover, and was entitled to their exclusive possession and control; that he had the same property, right of possession, and control after, as before the termination of his office; and that it was his duty, on the determination of the replevin-suit, to take possession of the

slaves, and sell them in discharge of the execution in his hands. "To do this," said the Court, "he required no additional authority. The authority acquired under the original levy was ample and undiminished, and *quoad hoc*, he was still sheriff. * * * We are of opinion it may be farther assumed, and as resulting from the foregoing positions, that the old sheriff and the new, as to their respective rights, duties, and liabilities, in reference to these slaves, should be regarded as different and distinct officers, neither having the right to the possession, nor the right to the slaves in virtue of the authority of the other, and neither having the right, in virtue of his own authority, to sell in discharge of the execution or claim in the hands of the other."

In Tuttle *v.* Jackson, 6 Wend., 224, Chancellor Walworth, in delivering the opinion of the Court of Errors, said:

"It has long since been settled, and I think correctly, that the deputy who has commenced the execution of the process, by a levy on the property during the term of office of his principal, may proceed and complete the execution thereof, afterwards. The giving of the conveyance after the expiration of the time limited for the redemption of real property, is as necessary a part of the duty of the officer to complete the sale, as the putting up the property, and striking it off to the highest bidder."

In Jackson *v.* Collins, 3 Cowen, 95, certain premises were levied upon under an execution, and sold by a deputy-sheriff, who made and delivered to the purchaser a conveyance of the property, about a year after the expiration of the office of the sheriff; and it was objected that the deed was on that account void, but the Court said: "It is not denied, that during Adams' (the sheriff,) continuance in office, the deputy had authority to do any act which his principal could do in his official capacity, except the appointment of deputies. But it is contended that the authority of the deputy ceased when the new sheriff had taken the office upon him. In my opinion, the authority of the deputy is limited by the duration of the authority of his principal. An execution against the property of a defendant, partly executed by the old sheriff, shall be completed by him, and in relation to any such execution in the sheriff's hands, when he goes out of office, he continues sheriff, and may act by deputy, as if he was still in office. He is in office *quoad hoc*, and the acts of a deputy in relation to such an execution, are the acts of the sheriff himself."

We have cited the above authorities, not from any doubt that the old sheriff, by virtue of the provisions of section thirty-ninth of the Sheriff Act, is the proper officer to execute conveyances after the expiration of his office, when sales have been previously made by him, but because large and valuable estates are held in different parts of the State, under titles conveyed by deeds executed under such circumstances, to which objections are some-

times taken on that ground. In addition to the Sheriff Act, an examination of the different provisions of the Practice Act, in relation to executions and redemption, leads to the same conclusion. Section two hundred and twenty-seventh provides, in sales of personal property capable of manual delivery, that the *officer making the sale* shall deliver to the purchaser the property, and, if desired, shall execute and deliver a certificate of the sale and payment. Section two hundred and twenty-eighth says: in sales of personal property not capable of manual delivery, and of real property, the *officer* shall give to the purchaser the certificate, meaning the officer making the sale. Section two hundred and thirty-third provides, where a redemption is desired, that payment may be made to the purchaser, or redemptioner, as the case may be, or for him to the *officer who made the sale.* It apapears clear, that the words *who made the sale,* limit the term *officer* to the incumbent at the time, who performed the act of sale, and do not refer merely to the official character of the individual. Substitute the word sheriff in place of officer, and the same construction must follow; ".the sheriff who made the sale" would refer to the incumbent at the time, and not merely to the officer.

· In the present case, the sheriff who .made the sale is dead. His death, of course, terminated the office of his under-sheriff, and of all his deputies. Neither the sheriff appointed in his place, nor his successor elected,·can complete the execution of the final process under which the premises in question were sold, by the making and delivery of a deed to the purchaser. The law vests the authority in the old sheriff, who made the sale, and has failed to provide for the completion of the execution, in case of his death.

The only remedy left, therefore, to the purchaser, is by application to the Court, for the appointment of some suitable person, as master, or commissioner, *to execute the conveyance.* Such application should be made upon petition, stating, generally, the recovery of the judgment, the execution or order of sale issued thereon, the sale thereunder, the purchase, and such other particulars as may be necessary, to show the party is entitled to his deed, and notice of the application should be given to the defendant whose property was sold. The deed executed by a master, or commissioner, appointed under such circumstances, should recite or refer to the proceedings under which the appointment is made. In several of the States, the proceedings upon such applications are regulated by statute ; but, independent of statute, the Court, by virtue of its original jurisdiction, has authority to appoint any suitable person to make and deliver the deed, in the enforcement of its judgment, and that its final process may be completely executed. Sickles *v.* Hageboon, 10 Wendell, 563 ; Wilson *v.* Roach, 4 Cal., 362.

Judgment affirmed.