## ANTHONY *v.* WESSEL.

The title to real estate, sold at sheriff's sale, does not pass until the execution and delivery of the sheriff's deed.    ʻ

A sheriff who sells land under execution, and gives a certificate of the sale to the purchaser, and subsequently his term of office expires, is the proper person to make the deed.

Consequently, where the plaintiff's complaint in ejectment averred title in plaintiff under a sheriff's sale made by one sheriff, and a deed executed by his successor: *Held*, that the plaintiff could not recover.

APPEAL from the District Court of the Fifth Judicial District, County of Tuolumne.

The facts upon which the decision in this case is based, appear in the opinion of the Court.

*L. Quint* for Appellant.

In an action for the recovery of land, if the plaintiff prove no title, the defendant cannot be ousted.

The sheriff who sells under execution is the agent of both parties, but the successor of such sheriff is the agent of neither.

The Court erred in admitting the deed in evidence, as it was not executed by the sheriff who made the sale, and consequently had no more force or effect than if made by a stranger.    People ex rel. Dunn *v.* Boring, Sheriff of Nevada County, 8 Cal. R., 406; Sackles *v.* H——, 10 Wend., 562; Comp. Laws, p. 718, § 39.

*H. T. Barber* for Respondent.

BURNETT, J., delivered the opinion of the Court—FIELD, J., concurring.

It is alleged in the verified complaint, and admitted in the

answer, that defendant executed a mortgage to plaintiff, which was foreclosed, and the mortgaged premises sold to plaintiff on the 18th day of April, 1853, by Charles K. Swope, then sheriff of Tuolumne county, and a certificate given to plaintiff; and that, on the 17th October, 1856, a sheriff's deed was duly executed to plaintiff, by James M. Stewart, then sheriff of the county aforesaid.

Upon the trial, the plaintiff read the complaint and answer, and then rested; whereupon defendant moved that the case be dismissed, which motion was denied; but the Court required the plaintiff to introduce the sheriff's deed, to which defendant excepted.

The defence is one which this Court would not regard with any favor, as it seems to have been purely technical, and not very conscientious, under the circumstances. But the rules of law are strict, and have been well settled. The plaintiff relied solely upon his legal title, and not upon prior possession. The title was in the defendant until a deed was duly executed by the proper officer. This question has been lately decided by this Court in the case of Dunn *v.* Boring. The new sheriff could not execute the deed. The complaint did not state facts sufficient to constitute a cause of action, and the defendant was not bound to demur. At the trial, the title was in defendant, and of course the plaintiff could not recover. The allegations of the complaint are clear and distinct that the deed was executed by the sheriff who did not make the sale; and the statement, that the deed was duly executed, does not mean that it was executed by the proper officer, but only in the proper manner.

Judgment reversed, and cause dismissed.