GRIGGS, ADMINISTRATOR OF THE ESTATE OF CLARK, v. CLARK
et al.

THE jurisdiction of the Probate Courts over the estates of deceased persons, does not divest the District Courts of their general jurisdiction as Courts of Chancery, over actions for a settlement of the affairs of a partnership.

In the absence of any special agreement between partners upon the subject, the rule of law is, that partners are to share equally both profits and losses; and the mere fact that partners have put unequal amounts of capital into the common stock, or that one has put in all the capital, and the others only their skill and industry, will make no difference in the rule.

As a general rule, it is the duty of each partner, during the partnership, to devote himself to the interests of the concern without compensation, unless there is an express agreement that he receive compensation. But when the partnership is dissolved by death, and the survivor expends his time and labor in the care and management of the partnership property, by which its value is enhanced, he should receive compensation for the same, to be deducted out of the profits realized from the enhanced value of the property. A surviving partner, however, is not entitled to pay for services rendered, for merely winding up the affairs of the concern.

When a bill is filed to settle the affairs of a partnership, the partnership transactions of each and all the partners should be taken into account; and the decree should include all these, so as to leave nothing open for future litigation.

APPEAL from the District Court, Seventh Judicial District, Sonoma County.

The facts are stated in the opinion of the Court.

*Shattuck, Spencer, & Reichert,* for Appellants.

The complaint does not contain facts which constitute a cause of action; and the demurrer should have been sustained. It shows defendants surviving partners by law; they alone could settle the partnership. (Wood's Dig. 411, Art. 2317, Sec. 198.) And they could only be sued when they had abused their trust; but the complaint charges no facts showing abuse. (Story on Part. Secs. 344–346; Collyer on Part. Sec. 129; 3 Kent's Com. 37; *Evans* v. *Evans,* 9 Paige, 178.) And having commenced in the Probate Court, he should have continued there. (*Blanton* v. *King,* 2 How., Miss., 861; *Carmeischel* v. *Brawder,* 3 Id. 252; *Kimball* v. *Kimball,* 19 Ver. 579.)

*Wm. Ross* and *R. Robinson,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

It seems to us that the report of the referee, and the consequent judgment of the Court, is erroneous in this : That it decrees that the defendants, as surviving partners, are liable for the full amount found to be due of assets collected, or in the hands of these survivors, without regard to the indebtedness of some' $7,500 found to be due in Missouri, on account of the firm operations.    We understand that the partnership was formed in Missouri, and comprehended, as well transactions in that State, as in this ; and a full settlement should involve and conclude as well transactions there as here.    The administrator of the deceased partner, therefore, is not entitled to a decree, irrespective of the firm debts there ; and the survivors would seem to be entitled to retain in their own hands, money, or assets, sufficient to pay this indebtedness, whether due in Missouri, or on contracts made there or here.    But if we are mistaken in this, it is obvious that the report of the referee, which seems to be the whole predicate of the decree of the District Court, does not furnish any ground for such decree; for the referee says that it is impossible for him to ascertain the true state of the accounts, or make a full settlement in this respect, in the absence of information as to the amount of the Missouri debts, or by whom they were paid.

Judgment reversed, and cause remanded.

A rehearing was granted, and after reargument, CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action in the nature of a suit in equity, brought by the administrator of William T. Clark, deceased, who in his lifetime was in partnership with the defendants, in the purchase of cattle in the State of Missouri, and their sale in this State, for a settlement of the affairs of the partnership.    The case was sent to a referee for trial, upon whose report a judgment was duly entered, from which the defendants appeal.

Griggs *v.* Clark.

The defendants demurred to the complaint; the Court below overruled the same, and this is assigned for error. It is contended, that the Probate Court, in which the proceedings for the settlement of the estate were pending, had acquired jurisdiction of the subject matter of the present action; and therefore the demurrer should have been sustained. The jurisdiction vested in the Probate Court does not divest the District Courts of their general jurisdiction as Courts of Chancery over actions of this character, as has been held by this Court. (*Wilson* v. *Roach*, 4 Cal. 362; *Clark* v. *Perry*, 5 Id. 58.)

It seems, that the amount of capital invested by each of the partners in the partnership business, was very unequal. The defendants claimed that each partner was entitled to an interest in the partnership property, and the profits of the business, in proportion to the amount of capital put in, and not in equal proportions; and when called upon by the administrator before the commencement of the action to settle and account for the partnership property and profits, they expressed themselves willing to settle and account upon that basis; but not upon the basis of an equal division. The administrator, on the other hand, claimed that the division should be in equal proportions; and as they refused to settle in that manner, he brought this action. The referee found, upon this point, in favor of the plaintiff; and this is sufficient to show that the defendants were in default, and that the plaintiff had a right to commence and maintain the action.

But the defendants contend that the referee erred in finding that the parties were to share the profits equally. In the absence of any special agreement between the partners upon the subject, the rule of law is, that the partners are to share equally of both profits and losses; and the mere fact that the partners have put an unequal amount of capital into the common stock, or that one has put in all the capital, and the others only their skill and industry, will make no difference in the rule. (Story on Part. Sec. 24; 3 Kent, 28.) The evidence as to whether there was any special agreement between the partners in this case, which would take the case out of this general rule, was conflicting; and under the circumstances, we are not disposed to disturb the finding of the referee upon this point.

Griggs *v.* Clark.

It appears that the time of the decease of the plaintiff's intestate was not the most advantageous period for the sale of the partnership stock of cattle then on hand, and the defendants did not sell the same until about a year afterward, during which time they increased in value about $6,000; and the referee found that the services of the partner who had charge of the stock during that time were worth the sum of $1,400. The referee held that the plaintiff was entitled to the share of his intestate in this increase, without any deduction therefrom of any sum for the services thus rendered by the surviving partner; and this is assigned as error. As a general rule, during the existence of the partnership, it is the duty of each partner to devote himself to the interests of the concern, and promote by his labor and skill the common benefit of the partnership, without any reward or compensation, unless there is an express stipulation to that effect. (Coll. on Part. Sec. 183; Story on Part. Sec. 182.) But when the partnership has been carried on for some time after a dissolution by death, and such continuance has proved beneficial to the parties, it is but just and proper that the surviving partner should receive a reasonable allowance for his skill and industry in conducting the business, for during that time the business has not received the care and labor of the deceased partner, as an equivalent for such services. While all the parties are living, each is under obligation to devote his time and services to the partnership business, and there is therefore good reason for holding that neither should receive a compensation for such services. But when, in consequence of the death of one partner, this equality no longer exists, it is but equitable that the surviving partner should be compensated for such services as he may have rendered in the business after the death of the deceased partner, to be deducted out of the profits realized by the continuance of the business; and the overplus of such profits, after deducting such compensation, to be divided between the partners. (Story on Part. Sec. 343 and notes; Coll. on Part. Sec. 328; Gow. Part. 354.) We do not wish to be understood, however, as holding that the surviving partner is entitled to compensation merely for services rendered in winding up the affairs of the firm (*Beatty* v. *Wray*, 19 Penn. 516), but to confine it to a case like the present, where the partnership busi-

ness has been continued for a considerable period of time in order that the affairs of the partnership may be advantageously wound up. In the present case, the referee should have deducted the value of these services of the surviving partner,.as found by him, so that the interest or share of plaintiff's intestate should bear its proportion thereof in the settlement of the business.

The deceased partner resided in California, and a large portion of the partnership business, especially that relating to the keeping and sale of the stock in this State, was conducted by him during his lifetime, during which he received and expended more or less money in and· about the partnership business. In making up the account, the referee seems to have omitted these transactions of the deceased partner, and this is also assigned for error. It is clear that these transactions formed a material part of the account to be taken. The referee had no right to confine his account to the transactions of two only of the three partners. The whole of the subject matter in controversy between the parties, which included all the partnership transactions of each and all the partners, is the subject of the adjudication, and the account and decree must include all these matters and leave nothing open for future litigation or controversy. Equity will not adjudicate causes by piece-meal.

The judgment is therefore reversed and the cause remanded.