JANE A. CLARK, Appellant, v. THOMAS SAWYER et al., Respondents.

No. 1675; April 12, 1870.

Execution.—In Order to Establish a Title Through Judicial Proceedings and subsequent execution of the judgment, one must be held to show a judgment not subject to be impeached for lack of jurisdiction, a proper writ of fieri facias issued on the judgment, and a sufficient conveyance on a sale made under the writ by the officer designated by law to make it.

Execution—Expiration of Sheriff's Term of Office.—On a writ of fieri facias coming into the hands of the sheriff of the then district of San Francisco, in 1850, another sheriff, newly elected and qualified as sheriff of the county of San Francisco, could not make a valid sale so as to vest the purchaser, or the grantee in the subsequent deed referring to such sale, with title to the property sold.

Sheriff—Expiration of Term—Service of Process.—A sheriff who has commenced the execution of process in his hands is bound to complete it, though he may, in the meantime, have been succeeded in his office by another incumbent.

Sheriff—Abolition of Office—Service of Process.—The statute which abolished the office of sheriff of the district of San Francisco provided that quoad process then in hand the office should still exist, and that its incumbent should have power to, and remain charged with the duty to, complete the enforcement of such process.

APPEAL from Fifteenth Judicial District, San Francisco County.

Action of ejectment.

J. P. Treadwell for appellant; Sharp & Sharp and Sharp & Lloyd for respondents.

See Clark v. Sawyer, 48 Cal. 133.

WALLACE, J.—The appellant (who claims under a deed executed by Bryant to Reuben Clark in 1853), having established, by proof, a legal title to the premises in the adverse possession of the respondents, the latter attempted to show in themselves an older deraignment from the same source of title.

In order to do this, they put in evidence the records of two judgments rendered in San Francisco, in the court of first instance, one in March, the other in April, 1850, in favor of Starkey, Janion & Co., and against Bryant.

They then proved that upon these judgments writs of fieri facias came to the hands of Sublett, the sheriff of the then district of San Francisco, and were levied by him upon the premises before the fifteenth day of April, 1850, at which time the court of first instance, and its officers, became superseded by the organization of the state government.

It appeared that the record of the Starkey, Janion judgments came into the lawful possession of the district court of the fourth judicial district before the nineteenth day of April, 1850, and on that day that tribunal, on motion of the attorney of Starkey, Janion & Co., made and entered an order in the following words:

"Starkey, Janion & Co.
    v.
J. J. Bryant.

"Now at this day the court orders the sheriff to proceed to sell the property levied on under execution previously issued.

"LEVI PARSONS,
"District Judge.

"April 19th, 1850."

Upon the entry of this order a copy thereof duly certified was delivered to John C. Hays, who was the newly elected and qualified sheriff of the county of San Francisco. There were, also, placed in the hands of Hays two writs of venditioni exponas, issued upon and in furtherance of this order,

and he, thereupon, received from Sublett the two unsatisfied writs of fieri facias, originally issued to the latter, as district sheriff, from the court of first instance, and which he had already levied upon the premises in controversy.

Hays had no other process than the foregoing, and, acting under it, he, as sheriff of the county of San Francisco on the —— day of May, 1850, sold the premises to the respondents or their grantors, who, having purchased at the sale, received sheriff's deeds for the premises.

These deeds recited the fact that the writs of fieri facias had been issued from the court of first instance, directed to the sheriff of the district of San Francisco; that that officer had made a levy and seizure of the premises in pursuance thereof; that he had subsequently made return to the district court of the fourth judicial district of the fact that he had so made such levy and seizure; and that, thereupon, the last-named court had issued to John C. Hays, sheriff of the county of San Francisco, "two writs of venditioni exponas," by which "he was ordered and commanded to expose the said pieces, parcels and lots of land to sale," and, after the other usual recitals, as to advertisement, etc., proceeded to convey the premises to the grantees therein "as fully as I, the said John C. Hays, the sheriff aforesaid, can, may, or ought to, by virtue of the said writs and orders, and of the law in such case made and provided, grant, bargain, sell, convey," etc.

The appellant claimed at the trial that the sale, and the deed made in pursuance thereof, were void in law, but the court below was of the opinion that they were valid and sufficient to vest in the purchaser the title which Bryant had to the premises.

The jury were so instructed, and they having returned a verdict against the appellant, and an order having been entered denying her a new trial, the appeal is taken from the order and from the final judgment entered on the verdict.

We think that, upon the facts thus appearing, the sale of the premises made by Hays, as sheriff of the county of San Francisco, cannot be supported in point of law.

In order to establish in themselves a title through these judicial proceedings, the respondents must be held to show a judgment not subject to be impeached for lack of jurisdiction; a proper writ of fieri facias issued thereon, and a suffi-

cient conveyance, upon a sale, made under the writ by the officer designated by the law to make it.

We are of opinion that the writs issued from the old court of first instance directed, in terms, as they were, to the sheriff of the district of San Francisco, ex proprio vigore conferred exclusive authority upon that officer to make the levy, sale and conveyance in question.

This must be conceded, since he was not only distinctly named therein by his proper designation of office, but he was unquestionably the officer to whom the law then in force had committed the execution of such process; for the office of sheriff of the county of San Francisco was one not known to the system of civil administration, under which these writs were issued, and never, in fact, had an existence until after the supersedure of that system.

The sheriff of the district then, being himself the officer, whose official duty it was, under the law, to proceed to execute these writs of fieri facias, did not, and could not, relieve himself of the performance of that duty, by subsequently transferring those writs into the hands of the sheriff of the county of San Francisco, nor did such transfer confer any authority or impose any duty upon the latter officer to take steps for their enforcement. The circumstance, then, that Hays had these writs in his hands, at the time he made the sale, is of no import in determining the validity of that sale, for, in contemplation of law, they still remained in the custody of that officer, to whom they were originally directed, and whose duty it was to have them in his keeping.

The writs of fieri facias being thus out of the case, those of venditioni exponas fail for want of support. It is not the nature or office of the latter to confer power upon the sheriff, but only to hasten him in the execution of powers, supposed to be already vested in him: "the venditioni exponas adds not to his authority, but is to spur him on to sell": Clerk v. Withers, 6 Mod. Rep. 299; Taylor v. Doe, 13 How. (U. S.) 293, 14 L. Ed. 149.

As the sheriff of the district was the only officer who was vested with authority to sell, the order of April 19th, requiring "the sheriff" to proceed with the sale, must be considered as having been directed to him. Besides he had already levied the writs of fieri facias upon the premises, and

it is the settled rule of the common law that a sheriff, who has commenced the execution of process in his hands, is bound to complete it, even though he may have been, in the meantime, succeeded in his office by another incumbent: People ex rel. Dunn v. Boring, 8 Cal. 406, 68 Am. Dec. 331; Anthony v. Wessel, 9 Cal. 103.

A question might arise as to the strict applicability of this rule to the facts of this case, because it might be said that here the outgoing officer was not succeeded in his office, but that the office itself was superseded by the new system of government. But the act of February 28, 1850, by which that supersedure was brought about, adopted the rule of law we have mentioned, and applied it to the superseded sheriff. Section 34 of that act is as follows: "All writs . . . . and other process issued by the courts of first instance, and in the hands of the sheriff . . . . of such courts at the time they shall be superseded, shall be executed by such officers, and returned by them to the district courts of the proper counties, in the same manner, with like force and effect, and subject to the same provisions of law, as process issuing out of the district courts may be required by law to be executed and returned by the sheriff of counties": Laws of 1850, p. 80, sec. 34. So that the statute, while it, in the main, abolished the office of sheriff of the district, did not do so altogether, but provided that quoad process then in hand (as were the writs of fieri facias in Starkey, Janion & Co. v. Bryant) the office, otherwise superseded, should still exist, and that its incumbent should not only have the power, but should remain charged with the duty in that act expressly enjoined upon him, to complete their enforcement; and his performance of this duty might have been readily enforced by proper proceedings had for the purpose.

Entertaining, as we do, these views, the judgment· and order denying a new trial must be reversed and the cause remanded, and it is so ordered.

I concur: Temple, J.

I concur in the judgment: Sprague, J.

Crockett, J., being disqualified, did not participate in the decision.