All concur, except RUGER, C. J., and RAPALLO, J., not voting.

---

## SUPREME COURT.

### BABCOCK agt. BALSTON.

*Examination of a party before trial — Who may make the order — Code of Civil Procedure, sections 872, 873, 3202.*

The recorder of the city of Watertown has power, and may make an order, for the examination of a defendant under sections 872 and 873 of the Code of Civil Procedure.

*Jefferson Special Term, March,* 1885.

MOTION by defendant to vacate an order for the examination of the defendant, under sections 872 and 873 of Code of Civil Procedure, made by the recorder of the city of Watertown.

Babcock agt. Balston.

*Mr. Smith*, for motion.

*Mr. Rogers*, opposed.

MERWIN, *J.*—The question is, has the recorder of the city of Watertown power to grant the order? By section 19 of title 4 of the charter of that city (*chap.* 714 *of* 1869), it is provided that the recorder, "in case he shall be of the degree of counselor at law in the supreme court, shall possess all the powers and may perform all the duties that are now performed by a judge of the supreme court at chambers."

A justice of the supreme court, at chambers, could have granted the order in question, and therefore it is argued the recorder could do it.

The section (872) under which it was granted gave the power to grant it "to a judge of the court in which the action is pending, or to a county judge." It is claimed by the defendants that the use in the Code of the former expression limited the power, there given, to an officer who was in fact a judge of the court.

By section 780 of the Code, the time of serving a notice of motion must be eight days, unless "the court or a judge thereof," by an order to show cause, shorten it. In *Larkin* agt. *Steele* (25 *Hun*, 254) it was held that a county judge could not, under this section, make the order to show cause, the ground apparently taken being that the practice did not exist before the Code, that the provision was special in its character and not affected by the general provisions of sections 241 and 772.

In *Kinney* agt. *Roberts* (26 *Hun*, 166) the same court held that a special county judge who, under chapter 108 of 1851, possessed the powers of a county judge out of court, could grant an order for examination under section 872, thus in substance holding that a grant of a power to "a county judge" could be exercised by another officer who had the powers of a county judge out of court.

In *Babcock* agt. *Clark* (23 *Hun*, 391) it was held that the

Babcock agt. Balston.

power given by section 606 to "any county judge" to grant injunctions could be exercised by a special county judge.

In *Seymour* agt. *Mercer* (13 *How.*, 564) a special surrogate, who had the powers of a county judge out of court, was held authorized to grant an order of arrest under old Code, section 180, which gave such authority to "a county judge." Under the old practice, it was held that a commissioner, who was authorized to perform the duties of a judge of the supreme court at chambers, was authorized to make an order that could be made "by the court or any judge thereof in vacation" (9 *Wend.*, 482; 10 *id.*, 568; *Graham's Pr.* [2d ed.], 26). The present Code does not undertake to limit the powers of recorders, but, so far as it treats of that officer, it expresses a design not to interfere with any of his collateral duties (*sec.* 3202). It does not undertake to define the powers of one who has the power of a justice of the supreme court at chambers.

The form in which the power is given in section 872 does not in substance differ from that used in many other sections.

The act of 1869 has never been repealed, the power has been acted on for many years, and this in a doubtful case should have a bearing.

It seems to me that it should be held that the recorder had power to make the order. The logic of the cases (*in* 26 *Hun* and 13 *How.*) uphold, I think, that construction.

That is the result if both statutes are read together and force given to each. The manner of the designation in the Code or its variance from that in the Revised Statutes (3 *R. S.* [6th ed.], 662), is not such as to abrogate the force of the statute of 1869. The designation referred to in the Revised Statutes had more particular reference to the office of supreme court commissioner, which was abolished in 1846.

A constitutional objection raised by the defendant's counsel is, I think, disposed of by the case of *Hayner* agt. *James* (17 *N. Y.*, 316).

If upon the examination improper questions are asked, the

party can then claim his privilege (*Sprague* agt. *Butterwith*, 22 *Hun*, 502).

The foregoing considerations lead to the denial of the motion, with costs of motion.